IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PRAIRIE HORIZON AGRI-ENERGY, LLC,

        Plaintiff,

v.                                                      Case No. 14-1236-JTM

TALLGRASS INTERSTATE GAS
TRANSMISSION, LLC,

        Defendant.

**MEMORANDUM AND ORDER**

Before the court is plaintiff Prairie Horizon Agri-Energy, LLC's Motion to Remand (Dkt. 8). This case arises out of the delivery of allegedly contaminated natural gas to plaintiff's ethanol production facility. Plaintiff filed this action in Kansas state court alleging negligence and breach of contract against defendant Tallgrass Interstate Gas Transmission, LLC. Defendant removed to this court pursuant to 28 U.S.C. §§ 1441(a) and 1331. Plaintiff now moves the court to remand the matter for lack subject of matter jurisdiction. As discussed below, the motion is denied.

**I. Background**

Consistent with the court's obligation to evaluate the original complaint in a removal analysis, the background information below is derived therefrom. Plaintiff is a Kansas LLC with its principal place of business in Phillipsburg, Kansas, where it owns and operates an ethanol production facility. Defendant is a Colorado LLC with its principal place of business in Overland Park, Kansas.

On August 1, 2011, plaintiff entered a "Form of Firm Transportation Service Agreement" ("the contract") with defendant's predecessor, Kinder Morgan Interstate Gas Transmission, LLC, to transport, supply, and deliver natural gas to plaintiff's ethanol facility. Defendant owns and operates the transmission pipeline that supplies plaintiff's ethanol facility. The terms of the agreement are fixed by defendant's schedule of rates and charges ("tariff") filed with the Federal Energy Regulation Commission ("FERC") pursuant to the Natural Gas Act of 1938 ("NGA"), 15 U.S.C. § 717 *et. seq.* A quality provision in the tariff allegedly requires that the gas delivered to plaintiff's facility be "free from foreign material or oil."

On March 27, 2013, defendant's pipeline allegedly injected a large quantity of foreign material and oil into plaintiff's facility causing catastrophic damage. Plaintiff brought this two-count action in the District Court of Phillips County, Kansas on July 3, 2014. Count I alleges negligence and Count II alleges a breach of the contract's quality provision. Defendant filed a notice of removal on July 31, 2014. Plaintiff filed this Motion to Remand for lack of subject matter jurisdiction on September 2, 2014.

## II. Legal Standard for Removal

"The district courts of the United States . . . are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (internal quotation and citation omitted). Federal subject matter jurisdiction is essential to "every cause under review in the federal courts." *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1022 (10th Cir. 2012). A civil action brought in state court may be removed to federal court pursuant to

2

28 U.S.C. § 1441 if "federal subject-matter jurisdiction would exist over the claim." *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1220 (10th Cir. 2011); *accord Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The court must remand the action "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Federal courts have original subject matter jurisdiction over questions of federal law and over actions between parties of diverse citizenship if the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. Where, as here, the parties are not diverse, removal is only proper under federal question jurisdiction. *Caterpillar*, 482 U.S. at 392.

### III. Analysis

Federal question jurisdiction exists for claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The well-pleaded complaint rule requires that the federal controversy be "disclosed on the face of the complaint, unaided by the answer or by the petition for removal." *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936); *accord Karnes v. Boeing Co.*, 335 F.3d 1189, 1192 (10th Cir. 2003). A federal defense cannot be the basis for removal. *Caterpillar*, 482 U.S. at 392-93. "The well-pleaded complaint rule makes the plaintiff the master of his claim." *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006) (quotation omitted). He may avoid federal jurisdiction by relying solely on state law, but not "by omitting federal issues that are essential to his . . . claim." *Id.*; *accord Caterpillar*, 482 U.S. at 392.

"A case arises under federal law if its well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief

necessarily depends on resolution of a substantial question of federal law." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (internal quotation and citation omitted). Thus, two prongs of federal question jurisdiction exist: actions created by federal law and actions that require resolution of a substantial question of federal law.

The court first notes that the federal law at issue here, the NGA, contains no provision under which aggrieved parties may directly seek relief. Therefore, neither negligence nor breach of contract is a federally created claim in this case.

## A. "Substantial Question" Jurisdiction

The determinative question before the court is whether the traditionally state-law claims of negligence and breach of contract turn on a substantial question of federal law where the duty in question is memorialized in a contract recorded as a FERC tariff under the NGA. The court finds that it does where resolution of the claims requires construction of the tariff.

"[F]ederal jurisdiction can be found in state-law created causes of action if the right to relief turns on the construction of a federal law." *Morris*, 39 F.3d at 1111 (citing *Smith v. Kansas City Title & Trust Co.*, 225 U.S. 180 (1921)). "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986). A case arises out of federal law "if it clearly and substantially involves a dispute or controversy respecting the validity, construction or effect of such laws." *Mountain Fuel Supply Co. v. Johnson*, 586 F.2d 1375, 1381 (10th Cir. 1978) (citing *Shulthis v. McDougal*, 225 U.S. 561 (1912)).

"[A] tariff filed with a federal agency is the equivalent of a federal regulation." *City of Chanute v. Kansas Gas and Elec. Co.*, 2007 WL 1041763, at *3 (D. Kan. Apr. 4, 2007) (citing *Cahnmann v. Sprint Corp.*, 133 F.3d 484, 488 (7th Cir. 1998)). Thus, a FERC tariff filed pursuant to the NGA is the equivalent of a regulation under the NGA. *Id.*; *see also Bryan v. BellSouth Commc'ns, Inc.*, 377 F.3d 424, 432 (4th Cir. 2004) ("And we are further cognizant that a filed tariff carries the force of federal law." (citations omitted)). Accordingly, a claim that involves the validity, construction, or effect of a filed FERC tariff invokes federal subject matter jurisdiction. *See Berstein Bros. Pipe & Mach. v. Denver R.G.W.R. Co.*, 193 F.2d 441, 444 (10th Cir. 1951).

Here, the complaint alleges that Section 4.1(B)(2) of the tariff creates the duty and obligation in question. (Dkt. 1, at 10). Section 4.1(B)(2) is a quality provision, which plaintiff argues requires that gas "transported, supplied and delivered to [plaintiff] by [defendant] should be commercial in quality and free from foreign material and oil." (Dkt. 1, at 10). The provision is part of a filed FERC tariff and thus has the effect of a federal regulation. Defendant argues that Section 4.1(B)(2), as qualified by Section 2.27 of the General Terms and Conditions of the tariff, does not pertain to gas it delivers to plaintiff. (Dkt. 4, at 3). The ambiguity of Section 4.1(B)(2) necessarily requires construction of the tariff to determine what duty or obligation was owed by defendant. Therefore the resolution of this case turns on a substantial question of federal law. Federal question subject matter jurisdiction exists over the dispute, and removal is proper.

5

This conclusion is not unprecedented. In *City of Chanute*, the court analyzed a claim for breach of a contract that was a FERC tariff filed under the Federal Power Act ("FPA"). The defendant, an electric power supplier, had unilaterally changed the plaintiff's position on a power purchasing price stack in violation of the tariff. Citing *Cahnmann*, the court held that the tariff was the equivalent of a federal regulation under the FPA. *Chanute*, 2007 WL 1041763, at *1. The dispute required construction of the tariff's pricing stack to determine what rate should have been charged to the plaintiff. *Id.* at *5. The court determined that a federal question was present because resolution turned on construction of the tariff. *Id.*

As in *City of Chanute*, resolution of this dispute requires construction of a FERC tariff. Therefore, the court has subject matter jurisdiction and removal is proper under 28 U.S.C. §§ 1331 and 1441.

IT IS ACCORDINGLY ORDERED this 29th day of December, 2014, that plaintiff's Motion to Remand (Dkt. 8) is DENIED.

                                                          s/ J. Thomas Marten
                                                         J. THOMAS MARTEN, JUDGE